# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER KENT BOWERSOX,<br><br>Defendant. | CASE NO. 1:10-cr-00082-AWI<br><br>**ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>(Doc. No. 99) |

Before the Court is a motion filed by Defendant Christopher Kent Bowersox that seeks early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). For the reasons that follow, the Court will deny Bowersox's motion.

## BACKGROUND

In May 2013, Bowersox pleaded guilty to a count of possession of material containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), and the Court sentenced him to a term of 48 months of imprisonment and 120 months of supervised release. Doc. No. 80. Bowersox was released from prison in August 2013. A few months later, Bowersox admitted his guilt to violations of supervision conditions that prohibited accessing the internet without permission and viewing adult pornography online. Doc. No. 93. As a result, in March 2014, the Court revoked Bowersox's supervised release, sentenced him to three months of imprisonment (credited as time served) and a term of 117 months of supervised release. Doc. No. 98.

Eighty-four months later, on April 1, 2021, Bowersox filed his early termination motion. Doc. No. 99. The Court ordered a response from the United States and the United States Probation Office for the Eastern District of California, to which Bowersox could reply. Doc. No. 100. The United States timely filed a response on behalf of both entities. Doc. No. 101. The probation office later submitted a separate response on its own behalf. Doc. No. 103. Bowersox has not filed a reply.

## **LEGAL STANDARD**

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1). Under this statute, a sentencing court has broad discretion to terminate supervision if the defendant has served one year of supervised release and the court determines that termination "is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); <u>United States v. Emmett</u>, 749 F.3d 817, 819 (9th Cir. 2014). Before granting an early termination motion, the court must consider the following factors under 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. <u>See</u> § 3583(e)(1) (cross-referencing § 3553(a)(1), (a)(2)(B)–(D) & (a)(4)–(a)(7)). The defendant bears the burden of showing that early termination is justified. <u>United States v. Weber</u>, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## **DISCUSSION**

**A.**     **Defendant's Motion**

Bowersox supports his motion by emphasizing that he has lived a positive, productive, and

issue-free life during the past eighty-four months of supervised release. Specifically, Bowersox makes the following representations in his motion: During the past seven years, he has maintained steady employment with the same company, which has included a promotion, an increase in work responsibilities, and no disciplinary issues. Upon his release from custody, he lived with and provided domestic care for a long-time family friend who suffered from a degenerative brain disease and chronic obstructive pulmonary disease. He purchased a home after his friend's passing, and he currently resides there with his partner, with whom he shares a healthy, stable, happy, and supportive relationship. He also maintains close and positive relationships with his two sisters, as well as other extended family members, friends, and neighbors. He has maintained his sobriety during supervision not only because of his supervision conditions, but also because he came to recognize the negative impact alcohol has had on his life. He has passed all tests given to determine whether he would revert to the use of alcohol, and has not failed any of the nine polygraph examinations administered in the past seven years. He credits the counseling and group therapy he has participated in during supervision, stating these practices have helped him see errors in his thought processes and assisted him in moving forward with his life in a mentally and physically healthier way. Since being authorized internet access in 2016, he has sold sports cards online and donated ten percent of his sales to the National Center for Missing and Exploited Children ("NCMEC"), which is a practice that he intends to continue beyond supervision.

Bowersox attaches to his motion a letter from Samantha Hill, a clinical supervisor with The Counseling and Psychotherapy Center. Doc. No. 99 at 6–7. Hill confirms Bowersox's therapeutic progress during the past seven years and informs that Bowersox has advanced to the maintenance phase of treatment, which means he has completed all goals and objectives of the treatment program and is only seen once every three months to ensure treatment gains are maintaining. Hill also shares her belief that Bowersox will continue building and improving upon his currently effective relapse prevention plan—which includes building positive social supports, abstaining from alcohol, and giving back to the community through donations to the NCMEC— even if his supervised release is terminated early.

In his motion, Bowersox acknowledges his previous violation of his supervision

3

conditions, and describes the instance as a significant lapse in judgement for which no excuse exists. He asserts that he has strictly abided by his supervision conditions ever since. Bowersox also acknowledges a red-light violation that occurred in July 2019. He states that he clearly committed the offense, paid the resulting fine, and attended traffic school (after which the violation was cleared from his record). Bowersox states that aside from that incident he has not had any negative contact with law enforcement since his release from custody in March 2014.

### B. The United States' Response

The government does not oppose Bowersox's motion, and instead points to a term in the parties' plea agreement that it would not oppose an early termination motion if Bowersox served at least eight-four months of supervised release without a violation of his supervision conditions. The government also does not expressly support Bowersox's motion. It simply defers the matter to the Court's discretion.

### C. The Probation Office's Response

The probation office recommends that Bowersox remain on supervision through the end of his originally imposed term. According to the probation office's response, the basis for this recommendation is a monthly treatment report submitted by Samantha Hill of The Counseling and Psychotherapy Center, which itself recommended that Bowersox's treatment continue. Its opposition aside, the probation office also describes as "significant" Bowersox's "concerted effort to address risk factors and effectively develop a relapse prevention plan during his seven years of sexual offender treatment." It adds that none of Bowersox's polygraph examinations have detected deception and confirms that Bowersox has maintained compliance with the terms and conditions of his supervised release since March 2014. The probation office also confirms Bowersox's employment and social support situation, and notes that Bowersox has been cordial and respectful towards probation officers throughout his supervised release. In lieu of supporting early termination, the probation office states that it has reduced Bowersox's treatment sessions to quarterly (as opposed to monthly) and commended him for his compliance as a means of

acknowledging the progress he has made in the community during supervision.

### D. Determination

After considering the applicable factors under 18 U.S.C. § 3553(a), the Court concludes that Bowersox has not established that early termination of his supervised release is justified. The seriousness of Bowersox's underlying offense cannot be reasonably questioned. As much is reflected in the Sentencing Commission's recommendation that sex offense convictions come with the statutory maximum term of supervised release—in this case, life. See 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b)(2); see also United States v. Williams, 636 F.3d 1229, 1234–35 (9th Cir. 2011) ("[S]everal courts of appeals, including our own, have held that life terms of supervised release are reasonable where the defendant was convicted of receipt or possession of child pornography."). This recommendation notwithstanding, the Court sentenced Bowersox to 120 months of supervised release—a common term for similar convictions in this district—after its first consideration of the § 3553(a) factors. In other words, Bowersox's sentence represented both a substantial reduction from the available and recommended terms, as well as a favorable comparison to other defendants with similar records who have been found guilty of similar criminal conduct. The Court then effectively re-imposed this same sentence after it found Bowersox guilty of violating his supervision conditions—an incident that itself carries some weight here. With all of this in mind, the Court finds that Bowersox's originally imposed supervision term remains just punishment, and that preservation of that term will best reflect to society the seriousness of the offense and deter others from engaging in similar criminal conduct.

While the Court declines to grant Bowersox early termination at this time, it does not seek to diminish his compliance with his supervision conditions and the evident and commendable signs of his rehabilitative progress. Even with these achievements, however, there is value in maintaining supervision to ensure that this compliance and progress continue. See also United States v. Bauer, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (explaining that compliance with supervision conditions, resumption of employment, and engagement of family life are expected milestones and not necessarily grounds for early

termination). That said, the Court will deny Bowersox's motion without prejudice, and he shall have opportunity to resubmit an early termination motion after more time passes or circumstances related to his supervision change in some new or unforeseen way.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Bowersox's motion for early termination of supervised release (Doc. No. 99) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 20, 2021

_____
SENIOR DISTRICT JUDGE